UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
SUSAN PUNGITORE, individually and on  :
behalf of her minor child "SP",  :
             Plaintiff,  :
                                                                :     **MEMORANDUM DECISION**
v.  :
                                                             :     11 CV 6249 (VB)
JUDY BARBERA, as Assistant Superintendent  :
of Schools and Individually, DR. DOUGLAS  :
ADAMS, as Superintendent of Schools, and  :
RAMAPO CENTRAL SCHOOL DISTRICT,  :
             Defendants.  :
--------------------------------------------------------------x

Briccetti, J.:

       Plaintiff Susan Pungitore brings this action on behalf of herself and her minor child, "SP," alleging discrimination pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. ("Title IX"), and 42 U.S.C. § 1983; New York State Education Law § 313; and New York Executive Law § 296(4).

       Now pending is defendants' motion to dismiss the complaint (Doc. #21), which, for the following reasons, is GRANTED.[1]

       This Court has subject matter jurisdiction as to plaintiff's federal law claims pursuant to 28 U.S.C. § 1331 and as to plaintiff's state law claims pursuant 28 U.S.C. §1367(a).

---

[1] Plaintiff also moves for leave to serve a late notice of claim. (Doc. #12). Because plaintiff's claim is dismissed, her motion for leave to file a late notice of claim is moot. Even if the complaint were not dismissed, the Court has no authority to grant such a request. TC v. Valley Cent. Sch. Dist., 777 F. Supp. 2d 577, 602 (S.D.N.Y. 2011).

**BACKGROUND**

For purposes of ruling on a motion to dismiss, the Court accepts all factual allegations of the amended complaint as true. Because the Court construes defendants' motion under Federal Rule of Civil Procedure 12(b)(1), the Court also reviews defendants' factual assertions.[2]

SP is a student in the Ramapo Central School District ("the district"). SP was in eighth grade during the 2010-11 school year and attended the district's middle school, where she was enrolled in an honors algebra class. On October 9, 2010, SP advised her parents she was not being challenged in her current class and that several of her male peers were taking a double accelerated math class online, called the Florida Virtual School ("FVS"). SP's parents had not requested she be enrolled in the double accelerated math class for that school year. However, on October 21, 2010, plaintiff sent an email to Travis Jackson, SP's guidance counselor, asking to discuss options for developing SP's advanced math skills. Jackson arranged a meeting among members of the school's staff and SP's father to discuss the possibility of transferring to the FVS program.

On November 28, 2010, plaintiff asked to meet with defendant Judy Barbera, the assistant superintendent, to discuss the transfer. On December 7, 2010, Jackson informed plaintiff that Barbera did not believe FVS was a viable option for SP at that time and suggested continued differentiation within the classroom. Plaintiff objected to Barbera's decision.

---

[2] Although defendants style their motion as a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court will treat the lack of standing motion as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). "An objection to standing is properly made on a Rule 12(b)(1) motion." Tasini v. New York Times Co., 184 F. Supp. 2d 350, 354 (S.D.N.Y. 2002).

On December 15, 2010, Jackson invited SP to sit in on an FVS class and meet Brian Schwartz, the FVS teacher.  He stated SP might be able to transfer to the FVS program mid-year, depending on she did on the June 2010 Regents exam.  SP sat in on the class on December 17, 2010, and afterward she informed plaintiff that Schwartz was condescending and unreceptive to her attendance that day, stating that SP was only in the class "because her mother got her in."

The district administered a practice Algebra Regents exam for SP to evaluate her mastery of the algebra curriculum.  While her score was good, the evaluator stated that she had noticeable deficits in quadratic equations and graphing.  The district determined it was in SP's best academic interest to finish the honors algebra class in which she was currently enrolled and move into the double accelerated honors math class at the beginning of the next school year.

On December 19, 2010, Jackson informed plaintiff that SP would not be able to transfer to the FVS program at that time.  On January 6, 2011, SP's parents met with Barbera and the former superintendent to discuss the decision.  Plaintiff stated during the meeting that the current FVS cohorts were all male and that Schwartz's treatment of SP during the class was "gender discrimination."  Plaintiff protested SP's placement for the remainder of the school year.  Plaintiff does not allege any other students requested or were granted a mid-year transfer.

In the summer of 2011, SP took the Algebra and Geometry Regents exams.  She currently attends Suffern High School and is in the ninth grade.  She was enrolled in the double accelerated math class at the beginning of the 2011-12 school year and remains enrolled in that class.

**DISCUSSION**

I.  Standing

A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction "challenges the court's statutory or constitutional power to adjudicate the case before it." 2A James W. Moore, Moore's Federal Practice, ¶ 12.07, at 12-49 (2d ed. 1994). "[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009). Once the question of jurisdiction is raised, the burden of establishing subject matter jurisdiction rests on the party asserting such jurisdiction. Thomson v. Gaskill, 315 U.S. 442, 446 (1942).

Standing is a prerequisite to bringing suit in federal court. The Supreme Court has ruled that constitutional standing requires plaintiff to establish at minimum three elements: (1) she suffered an "injury in fact"; (2) a causal connection between the injury and defendants' conduct; and (3) a federal court decision is likely to redress the injury. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

With respect to her claim for injunctive relief, plaintiff cannot demonstrate the first element of standing because she has not suffered an injury in fact. To satisfy this requirement, she must allege an injury that is both "concrete and particularized" and "actual or imminent," and not "conjectural" or "hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. at 560. Plaintiff cannot rely on past injury and must show a likelihood that she will injured in the future. See Deshawn E. ex rel. Charlotte E. v. Safir, 156 F.3d 340, 344 (2d Cir. 1998). SP was already

enrolled in the double accelerated class at the time plaintiff filed the complaint, and SP continues to be enrolled in that class. Thus, she cannot show she suffers a present injury.

Plaintiff argues SP sustained a past injury when her transfer request was denied, and thus she justifiably fears imminent removal from the advanced class unless the Court issues an injunction. The seminal case on standing based on prospective harm is City of Los Angeles v. Lyons, in which the Supreme Court emphasized that "[t]he reasonableness of [plaintiff's] fear [of future injury] is dependent upon the likelihood of a recurrence of the allegedly unlawful conduct. It is the reality of the threat of repeated injury that is relevant to the standing inquiry, not the plaintiff's subjective apprehensions." 461 U.S. 95, 107 n. 8 (1983).

The cases plaintiff cites in support of her argument are distinguishable. See Deshawn E. ex rel. Charlotte E. v. Safir, 156 F.3d at 344 (plaintiff class had standing because defendants' ongoing interrogation policy was likely to continue to injure them); Amnesty Int'l United States v. Clapper, 638 F.3d 118, 137 (2d Cir. 2011) (plaintiffs asserted present injury based on conduct taken in anticipation of future government action); Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc., 528 U.S. 167, 184 (2000). Plaintiff's assertions of imminent injury are speculative and unreasonable. While she attempts to characterize the facts either as a failure on the part of the district to place SP appropriately, or the district's "revocation" of SP's placement, this characterization is misleading. SP did not request placement in the double accelerated class before she began eighth grade. Rather, she requested a transfer to the advanced class in the middle of the school year. After evaluating SP's math skills and concluding she would be better served by starting the double accelerated class at the beginning of the following school year, the district reasonably denied SP's request. The district did not "revoke" her placement, because she

5

was never placed in the double accelerated class during eighth grade. Furthermore, SP is currently enrolled in the class to which she desired entry. Thus, plaintiff cannot show either present or future injury.

Plaintiff therefore lacks standing to seek injunctive relief, and her claim must be dismissed as a matter of law.

## II.     Plaintiff's Claims for Damages

Defendants move to dismiss plaintiff's damages claims under Rule 12(b)(6). The function of such a motion is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). The Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct. Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).

To determine which allegations it may consider, the Court first identifies conclusory pleadings that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. at 1949-50. ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555). Once it has identified well-pleaded factual allegations, the Court should "assume their veracity and then

determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S. Ct. at 1950.

The Supreme Court has defined plausibility as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Id. at 1949 (quoting Twombly, 550 U.S. at 556–57).

Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). To survive a motion to dismiss, plaintiff is not required to plead all elements of her cause of action, but need only plead facts which provide defendants with fair notice of her claims and the grounds upon which they rest. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002). The alleged facts must plausibly entitle plaintiff to relief.

Following the procedure set forth in Ashcroft v. Iqbal, the Court first identifies those conclusory statements that are not entitled to an assumption of truth, including legal conclusions. 129 S. Ct. at 1949. Plaintiff's unsupported assertions of gender discrimination are legal conclusions, and the Court does not assume their veracity. In order for plaintiff to satisfy the threshold standard, she must allege specific circumstances suggesting that gender bias was a motivating factor in the district's decision to deny SP's request to transfer math classes in the

7

middle of the school year.  See Scott v. WorldStarHipHop, Inc., 2011 WL 5082410, at *4 (S.D.N.Y. Oct. 25, 2011).

  Therefore, the Court considers plaintiff's factual allegations to determine if they plausibly suggest an entitlement to relief.  In support of her claim of gender bias, plaintiff asserts: Schwartz resented SP's presence during her visit to the class and stated that she was only there because "her mother got her in"; Schwartz determined SP could not participate in the FVS class because "the entire FVS group would be disturbed and impacted by SP's presence in the class"; Barbera characterized plaintiff's accusation of gender bias as an "unfounded assumption"; Barbera denied plaintiff's request that she disclose the FVS placement criteria of the other students in the class because "it is much too complex"; and SP's mid-year transfer request was denied.

  Plaintiff argues these facts give rise to an inference of gender bias.  The Court disagrees.  They are far more plausibly explained by their plain meaning:  Schwartz accurately stated that plaintiff zealously pushed the district to transfer SP into the FVS program mid-year, and this was the reason SP visited the class on the day in question; Schwartz resented SP's presence because her mid-year visit was disruptive to the other students in the class; Barbera believed plaintiff's accusation of gender bias to be an "unfounded assumption"; Barbera denied plaintiff's request for other students' placement information either because it was too complex or involved personal information to which plaintiff was not entitled; and the district properly determined that it would be in SP's best academic interest to enroll in the class at the beginning of the next school year.  Thus, not only do the alleged facts not support plaintiff's claim, they directly contradict it.

Plaintiff has therefore failed plausibly to allege an entitlement to relief under Ashcroft v. Iqbal and her Title IX claim is dismissed.  129 S. Ct. at 1950-51.[3]

Having dismissed plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).

## CONCLUSION

Defendants' motion to dismiss the complaint is GRANTED (Doc. #21), and plaintiff's motion for leave to serve a late notice of claim is DENIED as moot (Doc. #12).

The Clerk is instructed to terminate the pending motions (Docs. #12, # 21) and close this case.

Dated: March 29, 2012
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

---

[3] Because plaintiff's claim pursuant to 42 U.S.C. § 1983 alleges gender discrimination on the same basis as her Title IX claim, her Section 1983 claim is also dismissed.